FILED

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

| | |
|---|---|
| James LaRue, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:04-1747-18 |
| ) | |
| DeWolff, Boberg & Associates, Inc., ) | |
| and DeWolff, Boberg & Associates ) | |
| Employees' Savings Plan, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

For their Answer to Plaintiff's Complaint, Defendants DeWolff, Boberg & Associates, Inc. ("DBA") and DeWolff, Boberg & Associates Employees' Savings Plan ("DBA Savings Plan"), by counsel, make the following statements and raise the following defenses:

Answering specifically the allegations contained in the numbered paragraphs of the Complaint:

1. Defendants admit the allegations of Paragraph I.

2. Defendants admit that DBA is a corporate entity organized under the laws of the State of South Carolina with its principal place of business in Richardson, Texas. Defendants further admit that DBA does business in



Charleston, South Carolina. Defendants deny the remaining allegations of Paragraph II.

3. Paragraph III states a legal conclusion which requires no response. To the extent a response is required, Defendants admit that Defendant DBA Savings Plan is a retirement plan subject to regulation under ERISA.

4. Paragraph IV states a legal conclusion to which no response is required.

5. Defendants admit that Exhibit A to Plaintiff's complaint is the Summary Plan Description for the DBA Savings Plan that was issued in January 2002. Defendants admit that Defendant DBA Savings Plan is a retirement plan subject to regulation under ERISA in which certain former and current DBA employees participate. Defendants deny the remaining allegations of Paragraph V.

6. Defendants admit the allegations of Paragraph VI.

7. Defendants admit that Plaintiff is a participant in the DBA Savings Plan and has participated in the Plan since 1993. Defendants deny the remaining allegations of Paragraph VII.

8. Defendants admit that participants in the DBA Savings Plan are permitted to direct the investment of their contributions to the Plan in accordance with the procedures and requirements established by the Plan Administrator or its agents. Defendants deny the remaining allegations of Paragraph VIII.

9. Defendants admit that in 2001 Plaintiff requested that certain changes be made with respect to his then-current and future investments in the DBA

2

Savings Plan. Defendants further admit that Plaintiff subsequently rescinded his request that such changes be implemented. Defendants deny the remaining allegations of Paragraph IX.

10. Defendants deny the allegations of Paragraph X.

11. The allegations of Paragraph XI state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph XI.

## FIRST CAUSE OF ACTION

12. Defendants incorporate by reference their responses to Paragraphs I through XI.

13. Defendants admit that DBA is the Administrator, and as such, a fiduciary of the DBA Savings Plan. Defendants admit that Defendant DBA is responsible for fulfilling the obligations of an administrator as they are defined under the DBA Savings Plan. Defendants deny the remaining allegations of Paragraph XIII.

14. Defendants deny the allegations of Paragraph XIV.

15. Defendants deny the allegations of Paragraph XVIII.

16. Defendants deny each and every allegation in the Complaint not specifically admitted herein.

17. Plaintiff's prayer for relief requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

### For A First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### For A Second Affirmative Defense

Plaintiff's claims are barred, in whole or part, by his failure to exhaust his administrative remedies.

### For A Third Affirmative Defense

Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands and/or other equitable doctrines.

### For A Fourth Affirmative Defense

At all relevant times to this action, Defendants acted with due care and complied with applicable statutory, regulatory and common law requirements.

### For A Fifth Affirmative Defense

Plaintiff's Complaint fails, in whole or in part, because Plaintiff has waived the right, if any, to pursue his claims by reason of his own actions or course of conduct.

### For A Sixth Affirmative Defense

Plaintiff has failed to mitigate his damages, if any, as required by law.

### For A Seventh Affirmative Defense

Plaintiff's Complaint is barred, in whole or part, by the statute of limitations.

Respectfully submitted,

/s/ Steven M. Wynkoop
Steven M. Wynkoop
Federal Bar No. 4775
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Poinsett Plaza
104 South Main Street, Suite 900
Greenville, SC 29601
(864) 250-2300


/s/ Thomas P. Gies
Thomas P. Gies
Ellen M. Dwyer

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500

Attorneys for Defendants DeWolff, Boberg &
Associates, Inc. and DeWolff, Boberg &
Associates Employees' Savings Plan

July 19, 2004

CERTIFICATE OF SERVICE

I, the undersigned Administrative Assistant of the law offices of Nelson Mullins Riley & Scarborough, L.L.P., attorneys for Defendants DeWolff, Boberg & Associates, Inc. and DeWolff, Boberg & Associates Employees' Savings Plan, do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by U.S. first class mail to the following address(es):

Pleadings:

    Defendants' Answer to Plaintiff's Complaint

Counsel Served:

    Robert E. Hoskins, Esq.
    Foster Law Firm, LLP
    P.O. Box 2123
    Greenville, SC 29602

    William C. Cleveland, Esq.
    Buist Moore Smythe McGee, P.A.
    P.O. Box 999
    Charleston, South Carolina 29402

    _____
    Ann Pollard
    Administrative Assistant

_____, 2004