IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James LaRue, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:04-1747-18 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| DeWolff, Boberg & Associates, Inc.; and | ) | |
| DeWolff, Boberg & Associates Employees' | ) | |
| Savings Plan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.     BACKGROUND

This matter is before the court on defendants' motion for judgment on the pleadings. Plaintiff James LaRue filed this action on June 2, 2004, alleging breach of fiduciary duty against defendants DeWolff, Boberg & Associates, Inc. ("DeWolff") and DeWolff, Boberg & Associates Employees' Savings Plan ("Plan"). Plaintiff is a participant in an employee savings plan administered by DeWolff. Plan participants are able to direct plan administrators on how they want their money invested. Plaintiff alleges that in 2001 and 2002 defendants failed to invest his money as he directed, and as a result his interest in the plan was depleted by approximately $150,000. Plaintiff seeks equitable relief for that loss under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(3). Plaintiff also alleges that DeWolff failed to provide certain information regarding the plan within the time frame required by ERISA, 29 U.S.C. § 1132(c). On February 2, 2005, defendants filed a motion for judgment on the pleadings as to plaintiff's claim for equitable relief under § 1132. Defendants' motion does not address plaintiff's claim for failure to provide

information under § 1132(c), or his request for attorneys' fees and costs under § 1132(g).

## II.   STANDARD OF REVIEW

"When considering a motion for judgment on the pleadings, the same standard as that for a motion to dismiss applies." BET Plant Services, Inc. v. W.D. Robinson Elec. Co., Inc., 941 F. Supp. 54, 55 (D.S.C. 1996). A motion to dismiss should be granted only when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). When considering dismissal, a plaintiff's well pleaded allegations are taken as true, and the complaint, including all reasonable inferences, is construed liberally in the plaintiff's favor. Republican Party of North Carolina v. Martin, 980 F.3d 943, 952 (4th Cir. 1992).

## III.   ANALYSIS

Defendants contend that plaintiff's remedy is essentially a demand for money damages, which the relevant ERISA provision prohibits. Plaintiff does not make a specific monetary demand for $150,000. Rather, plaintiff requests the court to award him "make-whole or other equitable relief" as provided in § 1132(a)(3), which allows a participant or beneficiary to bring a civil action "to obtain other appropriate equitable relief" to redress violations of a plan's terms or provisions. Both parties agree that pure money damages may not be awarded under § 1132. Instead, plaintiff posits his claim as an request for equitable relief. The "equitable relief" described in § 1132 refers to the specific types of relief typically available in equity (i.e,

restitution, injunction, mandamus) and not legal remedies available to a court of equity. See Mertens v. Hewitt Assoc., 508 U.S. 248, 257 (1993).  Plaintiff implicitly suggests that the court could award $150,000 under a restitution theory.  As defendants note, courts have narrowed the availability of restitution under § 1132.  Restitution is "appropriate equitable relief" under §1132

> where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. . . . [F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213-14 (2002).  Applying the Supreme Court's language, restitution does not fit the facts of this case.  The $150,000 never belonged to plaintiff because it represents potential value, not actual earnings; as such, there is nothing to restore.  Nor is the amount in defendants' possession.  Awarding plaintiff $150,000 as restitution would impose personal liability on defendants.

Defendants note two recent, analogous cases in which the court dismissed a plaintiff's ERISA claim for restitution.  In Rego v. Westvaco Corp., 319 F.3d 140 (4th Cir. 2003), plaintiff sought equitable relief against his employee benefits plan after the plan delayed withdrawing his share.  Because of the delay plaintiff could not take advantage of a high stock price, and as a result, his share was worth about $80,000 less.  The Fourth Circuit held that the plaintiff's claim could not be considered as equitable restitution because the defendant did not possess any funds

3

that could be "clearly identified as belonging in good conscience to the plaintiff."[1] Rego, 319 F.3d at 145 (citing Great-West, 534 U.S. at 213). Similarly, the disputed sum *sub judice* is neither in the possession of defendant nor belonging to plaintiff.

In Helfrich v. PNC Bank, 264 F.3d 477 (6th Cir. 2001), plaintiff sought equitable relief after the administrator of his 401(k) profit sharing plan failed to follow directions for rolling-over plaintiff's assets into a mutual fund. As a result, plaintiff incurred a loss. Using § 1132, plaintiff sought the difference between the amount he would have had if the administrator had followed directions, and the amount he actually received. The Sixth Circuit rejected this approach, labeling it money damages and not restitution. If the administrator had invested plaintiff's money for its own benefit in an unauthorized, but better performing account, plaintiff could claim that money (and its proceeds) under a theory of restitution. However, the court noted that the plan possessed none of plaintiff's funds or proceeds of those funds; "there is nothing to restore . . . and therefore no basis for restitutionary relief." Helfrich, 267 F.3d at 481. Rather than measure his request in terms of the plan's gain, plaintiff measured it in terms of his losses - the "hallmark of money damages." Id. at 482-83. As in Helfrich, the present plaintiff has suffered a loss but defendants

---

[1] Rego also rejected plaintiff's claim that return of $80,000 would amount to equitable "make-whole" relief. After withdrawing his shares, plaintiff was able to sell them at a high price, ultimately mitigating his damages. Defendant's delay caused plaintiff to lose only $24,500, yet he requested over $80,000. Considering that discrepancy, the court concluded that plaintiff was not really trying to "make himself whole," and rejected his "make-whole" argument. Plaintiff interprets the court's rejection as a repudiation of Rego's claim, but affirmation of the "make-whole" equitable remedy. Regardless, the restitution argument fails on the Great-West principles.

have received no gain.

Plaintiff relies on <u>Howe v. Varity Corp</u>., 36 F.3d 746 (8th Cir. 1994) and <u>Shade v. Panhandle Motor Service Corp.</u>, 91 F.3d 133 (4th Cir. 1996) (unpublished) to suggest equity can command money damages for his loss. Neither case is controlling. In <u>Howe</u>, the court approved payments of past-due benefits previously deprived to a group of plan beneficiaries who were fraudulently induced to leave a solvent plan and enter a failing one. The court issued an injunction restoring the plaintiffs to the plan and awarding the benefits they would have received had they remained in the plan. Plaintiffs were awarded money, improperly held by defendants, to which they had a rightful claim. Such is not the scenario in the present case. <u>Howe</u> also carries less weight because it was decided prior to the seminal Supreme Court and Fourth Circuit cases on § 1132's scope (<u>Great-West</u>, 2002; <u>Rego</u>, 2003).

In <u>Shade</u>, the Fourth Circuit approved restitution to a health plan beneficiary who was forced to incur over $100,000 in medical expenses due to the plan's mistake. The court restored plaintiff to the position he would have been in but for the fiduciary's mistake (by putting him back in the plan) and reimbursed him for money he paid out of pocket. Plaintiff's medical expenses represented a gain to defendant; i.e, the benefits were improperly held by defendants ($100,000 in their coffers), but rightfully belonged to plaintiff. Like <u>Howe</u>, <u>Shade's</u> authority is diminished because it was decided prior to both <u>Great-West</u> and <u>Rego</u>.

Finally, plaintiff suggests the court can use the equitable power of reinstatement to order defendants to "process the transaction that plaintiff requested

to be processed several years ago." (Pl.'s Rep. Mem. at 7.)  Plaintiff is still a member of the plan, so he retains the power to instruct defendants on his current investments.  Processing the transaction as plaintiff originally instructed is not possible without restoring funds to plaintiff's account.  Further, plaintiff's authority in support of the court's power to reinstate under § 1132 is not dispositive.  In Griggs v. E.I. Dupont De Nemous & Co., 237 F.3d 371 (4th Cir. 2001), plaintiff took early retirement in reliance on his plan's advice regarding the tax implications of electing a lump-sum payment of benefits.  When that advice turned out to be faulty, plaintiff incurred a loss and sought an equitable remedy under § 1132.  The court remanded the case for further factual development of whether reinstatement to his former job was proper.  The lower court was also to determine whether restoration to Griggs' pre-election position was possible.  The Fourth Circuit did not express an opinion on whether either remedy was permissible.  Regardless, the subsequent holdings in Great-West and Rego supplant Griggs.[2]

Since the hearing, the Fourth Circuit has again addressed the contours of "appropriate" relief under § 1132(a)(3).  In Mid-Atlantic Medical Services, LLC v. Sereboff, 407 F.3d 212, 218 (4th Cir. 2005), the court considered a fiduciary's claim for relief against a beneficiary who refused to honor a subrogation provision.  The

---

[2] At the hearing plaintiff cited Schaffer v. Westinghouse Savannah River Co., No. 04-1347, 2005 WL 567812 (4th Cir. March 11, 2005) in support of its position.  Schaffer remanded an ERISA case with instructions to the district court to determine whether a pension recalculation was appropriate § 1132(a)(3) relief.  The court did not express an opinion on the possible remedy.  Schaffer is not as significant to the issue at bar as the guidelines set forth in Great-West, Rego, and Sereboff.

court characterized the fiduciary's claim as permissible equitable restitution because the funds were specifically identifiable, belonged in good conscience to the fiduciary, and were within the possession and control of the beneficiary. Mid-Atlantic, 407 F.3d at 219 (citing Great-West, 534 U.S. at 213). Applying these three factors, the court must conclude that restitution is not a permissible § 1132(a)(3) remedy in the case at bar.

## IV.     CONCLUSION

Plaintiff "does not wish for the court to award him any money, but . . . simply wants the plan to properly reflect that which would be his interest in the plan, but for the breach of fiduciary duty." (Pl.'s Rep. Mem. at 7.) Yet to "properly reflect" that interest, the court would have to transfer money from defendants to plaintiff. Under Supreme Court and Fourth Circuit precedent, restitution is not available since defendants do not possess disputed funds rightly belonging to plaintiff. The disputed sum is a potential gain that was never held by either party. The court cannot hypothesize a means of recovery for plaintiff which is consistent with the guidelines of Great-West, Rego and Sereboff. Therefore, plaintiff is not entitled to any § 1132(a)(3) relief under these set of facts.

For the reasons stated above, it is therefore **ORDERED** that defendants' motion for judgment on the pleadings as to plaintiff's cause of action for "other equitable relief" under § 1132(a)(3) is **GRANTED**.[3]

---

[3] This order does not address plaintiff's claim for breach of fiduciary duty or his requests for a statutory penalty under 29 U.S.C. § 1132(c) or for attorney's fees and costs under 29 U.S.C. § 1132(g).

_[signature]_

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 23, 2005**
**Charleston, South Carolina**