IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James LaRue, | ) | Case No.: 2:04-1747-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT ORDER OF** |
| | ) | **DISMISSAL PURSUANT** |
| DeWolff, Boberg & Associates, | ) | **TO FED.R.CIV.P. 41(a)(2)** |
| Inc. and DeWolff, Boberg & | ) | |
| Associates Employees' Savings | ) | |
| Plan, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff requests to dismiss the matter *sub judice* because he has decided not to pursue it further. This case was originally filed on June 2, 2004. In his complaint, Plaintiff alleges entitlement to relief under ERISA based upon an alleged breach of fiduciary duty pertaining to events that occurred in 2001 and 2002. Specifically, Plaintiff alleges that he "advised the Defendants, by and through its delegated agents or administrators, to invest his money in a certain way" and he alleges that Defendants, as fiduciaries of the subject plan, failed to do so. Defendants strongly deny the specific allegations of wrongdoing and, in fact, any wrongdoing whatsoever. After beginning discovery, Plaintiff has decided that it is not financially feasible to continue to pursue his claim. Accordingly, Plaintiff wishes to withdraw his claim and for this Court to dismiss this case. Understandably, Defendants do not want to have to worry about the case being refiled at a later date should Plaintiff change his mind. Accordingly, Defendants have requested that the dismissal of Plaintiff's complaint be with prejudice. Plaintiff acknowledges that, with regard to the specific cause of action asserted in his complaint, the statute of

limitations has run and that he would effectively be prohibited from re-filing this lawsuit in the future in any event. Accordingly, Plaintiff and Defendants are agreeable that the Plaintiff's case is dismissed with prejudice. The parties agree by their signatures below that the dismissal of the matter *sub judice* with prejudice shall not in any way affect Plaintiff's right to pursue any other claim he may have against Defendants based upon events occurring after 2002, if any such claim exists and if such claim is not barred by the statute of limitations or otherwise. Defendants do not concede that Plaintiff has any other viable claim against them. Neither party admits any fact raised in this matter or any allegation of an opposing party in the matter *sub judice*. Further, neither party admits any wrongdoing at all. Based upon the consent of the parties, the matter *sub judice* is hereby dismissed with prejudice pursuant to Fed.R.Civ.P. 41(a)(2) and each party shall bear its own fees and costs incurred in connection with this matter.

_____
The Honorable David C. Norton
Chief Judge, United Stated District Court

October 21, 2008
Charleston, South Carolina

s/Robert E. Hoskins
Robert E. Hoskins, Esq.
Federal Bar #: 5144
**Foster Law Firm, LLP**
Attorneys for Plaintiff

s/Thomas P. Gies
Thomas P. Gies, Esq.
**Crowell & Moring, LLP**
Attorneys for Defendants

s/Deirdre McCool
Deirdre McCool, Esq.
**Nelson Mullins Riley & Scarborough**
Attorneys for Defendants